UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEAMY A. RUIZ, JR., | ) | CASE NO. ED CV 04-01418 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

///

///

Plaintiff asserts that the Administrative Law Judge erred in partially rejecting the opinion of his treating psychiatrist, Harry Lewis, M.D., at least without contacting Dr. Lewis again to develop the record further. As Plaintiff summarizes matters, Dr. Lewis –

> completed a Work Capacity Evaluation (Mental) that included 8 marked limitations and an opinion that Plaintiff is likely to miss work more than three days per month as a result of his impairments or treatment. [AR 309] In addition, Dr. Lewis indicated in a letter that the Plaintiff has "attention deficit disorder" and is on Ritalin for this condition. [AR 229]

Pl.'s Br. at 2 (citations to AR, and brackets, in original). The Administrative Law Judge explained, however, that "[t]here is no statement whatsoever of signs, symptoms, laboratory or clinical findings in support of any opinion checked-off on his form" [AR 13] and asked rhetorically, "Where is the evidence that the claimant is 'severely limited' in the areas checked off by Dr. Lewis?" Plaintiff supplies no answer.

Significantly, Plaintiff does *not* contend that substantial evidence does *not* support the Administrative Law Judge's finding at odds with portions of Dr. Lewis's opinion. Nor does he contend that Dr. Lewis's check-the-boxes opinion *does* enjoy evidentiary support in the record. Rather, Plaintiff's specific critique is that the Administrative Law Judge was required to develop the record further as to Dr. Lewis's conclusory opinion before he (the judge) properly could deny benefits. After all, Plaintiff reasons, Dr. Lewis's phone number appeared right on his questionnaire, along with the admonition to call him "if you have further questions." [AR 229] Plaintiff cites no court decision imposing such a further-development duty on the Administrative Law Judge in this setting, but he does cite 20 C.F.R. § 404.1512(e), which states – in language used by the Defendant agency to inform claimants of their rights and responsibilities – that "[w]hen

the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled," the Administrative Law Judge is supposed to re-contact that source for further information.

The Court disagrees that the Administrative Law Judge violated any duty to develop the record in this case. Late in 2005, the Ninth Circuit squarely rejected an argument similar to Plaintiff's in *Bayliss v. Barnhart*:

> Bayliss further asserts that the ALJ should have recontacted Drs. Tobin, Sweet, and Manfield before rejecting parts of their opinions. "The claimant bears the burden of proving that she is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). An ALJ is required to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination. 20 C.F.R. §§ 404.1512(e), 416.912(e); *Thomas* [*v. Barnhart*], 278 F.3d [947,] 958 [(2002)]. The ALJ, with support in the record, found the evidence adequate to make a determination regarding Bayliss's disability. Accordingly, the ALJ did not have a duty to recontact the doctors.

427 F.3d 1211, 1217 (9th Cir. 2005). Just so here: the evidentiary record was adequate, and the Administrative Law Judge provided specific and legitimate reasons why he largely found the opinions of three examining physicians more persuasive than the sparse opinion of Dr. Lewis. (In addition, an Administrative Law properly may reject not only a treating physician's opinion that is based on an uncritical acceptance of a claimant's subjective complaints, *see Fair v. Bowen*, 885 F.2d 597, 605-06 (9th Cir. 1989), but also "treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Batson v. Commissioner of Social Security*

1  *Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004).)   The judge observed that Plaintiff
2  appeared to have no trouble attending his scheduled medical appointments, had played
3  football in high school and had "worked successfully in a pizza parlor for about a year" –
4  facts which stood at odds with Dr. Lewis's view that Plaintiff was readily "distracted by
5  working in proximity to others" or had difficulty "getting along with others."  [AR 20.]
6  The Administrative Law Judge went on to cite the opinions of three examining physicians
7  who assessed Plaintiff more positively, which opinions provide substantial evidence
8  supporting the conclusion that Plaintiff, properly medicated, was capable of a limited range
9  of sedentary work.  [AR 20; AR 244-45 (psychiatrist Dr. Smith), 260-63 (psychologist Dr.
10 Andonov), 267-71 (internist Dr. Gonzalo)]

Moreover, any possible error was harmless.  The Administrative Law Judge already had contacted Dr. Lewis twice, on May 31, 2002 [AR 235] and October 23, 2002 [AR 223]; Dr. Lewis responded by providing treatment notes that were entered into the record.  [AR 224-33, 236-39]  On January 29, 2004, several weeks before the hearing, Plaintiff also faxed in various records of Dr. Lewis, including the check-the-boxes opinion form that is the linchpin of his argument here.  [AR 301-09]  Plaintiff does not suggest or proffer what additional supporting information could have been gleaned from yet another request put to Dr. Lewis.

*          *          *

For the foregoing reasons, the decision of the Commissioner is affirmed.

DATED:   March   3   , 2006

*/s/ Ralph Zarefsky*
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE